# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 26, 2026

```
* * * * * * * * * * * * *
THOMAS STOKES,                    *
                                  *
              Petitioner,         *              No. 25-269V
                                  *
v.                                *              Special Master Gowen
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
* * * * * * * * * * * * *
```

*Leigh Finfer,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Meghan Murphy,* U.S. Department of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On February 14, 2025, Thomas Stokes ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program or Program).[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 5, 2022, he developed autoimmune encephalopathy. *Id.* at ¶ 3.

On February 26, 2026, petitioner filed a motion for a decision dismissing his petition. Petitioner's Motion to Dismiss ("Pet'r. Mot.") (ECF No. 19). Petitioner stated that he has been unable to secure an expert opinion in this matter and that continuing to proceed would be unreasonable and would waste the resources of the Court, respondent, and the Vaccine Program. Pet'r. Mot. at ¶ 3. Petitioner understands that a decision dismissing his claim will result in a judgment against him and such judgment will end all of his rights in the Vaccine Program. *Id.* at

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

¶ 4. Further, petitioner understands that he may apply for attorney may apply for attorneys' fees and costs once the case is dismissed and judgment is entered against him and respondent reserves the right to oppose, it appropriate, the application for attorneys' fees and costs. *Id.* at ¶ 5. Petitioner also intends to protect his rights to file a civil action in the future and pursuant to 42 U.S.C. § 300aa-21(a)(2), he intends to elect to reject the Vaccine Program judgment against him. *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner is not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of his alleged injuries. To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1)) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

Under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. §13(a)(1). Petitioner has not submitted an expert opinion or medical records to support his claim.

Vaccine Rule 21(b) allows the special master or the Court to dismiss a petition at the petitioner's request on terms that the special master or the court considers a proper issuance of a decision pursuant to §300aa-12(d)(3). A dismissal under Vaccine Rule 21(b) will be with prejudice and result in judgment pursuant to Vaccine Rule 11 for purposes of § 300aa-21(a). Vaccine Rule 21(b).

Accordingly, petitioner's motion is **GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' jointly filing of a notice renouncing the right to seek review.